UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUAIZHAO LIU and CHARLOTTE ZHANG,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CIPING HUANG,<br><br>                    Defendant. | Civil Action No. 1:21-cv-01553 (JMC) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Huaizhao Liu and Charlotte Zhang allege that Defendant Ciping Huang defamed them in a series of Tweets.[1] Huang argues that Plaintiffs brought this case in an improper venue because Huang does not live in the District of Columbia and most of the statements were not tweeted while Huang was in the District. The Court agrees that venue is improper. However, instead of dismissing the case, the Court exercises its discretion to transfer the case to the District of Maryland.

## I.    BACKGROUND

Liu worked as a reporter for the Sing Tao Daily News. ECF 1 ¶ 6. In March 2000, she interviewed Jingsheng Wei, a Chinese dissident, and attended a banquet held in his honor in Southern California. *Id.* ¶ 7. Liu left the event and returned to her office to type up her story. *Id.* Wei later called Liu and asked her to bring him a copy of the article. *Id.* ¶ 8. Liu obliged and

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

stopped by his hotel on her way home from the office. *Id.* Wei allegedly raped Liu when she went to his hotel room. *Id.* ¶ 9. Liu became pregnant and gave birth to a girl, Charlotte Zhang, who was later confirmed to be Wei's daughter. *Id.* ¶¶ 11, 15.

Starting in September 2019, Ciping Huang—the Executive Director of the Wei Jingsheng Foundation, a charity based in the District of Columbia—began tweeting crude and malicious remarks about Liu. *Id.* ¶ 19; *id.* at 13–20. The Tweets suggested that Liu had conned Wei into having sex, perhaps as part of a ploy by the Chinese government. *Id.* ¶¶ 19–31. Huang posted similar Tweets in October 2019, July 2020, and May 2021. *Id.* ¶¶ 25, 27, 30–32; *id.* at 22–47.

Liu and Zhang filed suit in this Court alleging that Huang defamed them. *Id.* ¶¶ 35–41. In addition to damages, the two Plaintiffs sought injunctive relief that would require Huang to delete the allegedly defamatory Tweets and prohibit her from posting any more. *Id.* at 10. Huang filed a Motion to Dismiss for lack of personal jurisdiction and improper venue or, in the alternative, a Motion to Transfer the case to the Northern District of Ohio. ECF 5. Huang attached a Declaration to her Motion, in which she averred that she has been a resident of Ohio for more than thirty years and that she never posted messages to Twitter while in the District of Columbia. *See* ECF 5-1.

Plaintiffs responded, making several arguments. ECF 8. First, Plaintiffs argued that this Court has personal jurisdiction over Huang because of her various business activities in the District, including her role as Executive Director of the D.C.-based Wei Jingsheng Foundation. *Id.* at 5–8. Next, Plaintiffs argued that this Court is an appropriate venue for the case because a substantial portion of the events that led to the suit took place in the District. *Id.* at 8–10. In the alternative, Plaintiffs argued that, should the Court determine that the case cannot proceed in this jurisdiction, the matter should be transferred to the District of Maryland because Huang owns a house there and frequently posts to Twitter while in Maryland. *Id.* at 10.

After Huang replied, ECF 9, the Court requested supplemental briefing so that the Court could make a determination about Huang's domicile. *See* Min. Order 3/28/2023. The Parties complied, and now agree that Huang is domiciled in Ohio. *See* ECF 12 at 2; ECF 13 at 1.

## II.    LEGAL STANDARD

Defendants may move to dismiss a suit for improper venue under Fed. R. Civ. P. 12(b)(3). When evaluating such a motion, courts must accept a plaintiff's factual allegations as true, "draw all reasonable inferences from those allegations in the plaintiff's favor," and "resolve[] any factual conflicts in the plaintiff's favor." *Hunter v. Johanns*, 517 F. Supp. 2d 340, 343 (D.D.C. 2007). "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings . . . to determine whether it has jurisdiction in the case." *Fam v. Bank of Am. NA*, 236 F. Supp. 3d 397, 406 (D.D.C. 2017).

If the court determines that venue is improper, it may dismiss the case or, if it is in the interests of justice, transfer the matter "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer a case is committed to the discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Finally, a district court may transfer a case even when it lacks personal jurisdiction over the defendant. *See Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983).

## III.    ANALYSIS

The Court concludes that venue is not proper in the District of Columbia, and that the interests of justice are best served by transferring the case rather than dismissing it. For the reasons discussed, below, the Court orders that the case be transferred to the District of Maryland.[2]

---

[2] Because the Court determines that venue is improper in the District of Columbia, the Court need not determine whether it has personal jurisdiction in the case. *See King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 134 (D.D.C. 2016).

### A.  Venue

Huang argues that the District of Columbia is an improper venue for Plaintiffs to bring their claim. Federal law requires plaintiffs to "bring suit in the proper venue to ensure that a district with some interest in the dispute or nexus to the parties adjudicates the plaintiff's claims." *King*, 210 F. Supp. 3d at 133. In a case involving a single defendant, venue is proper in any district in which (1) the defendant resides; (2) a substantial portion of the events giving rise to the suit occurred; or (3) if there is no district where an action may otherwise be brought, any district in which the defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

Plaintiffs do not argue that Huang lives in the District of Columbia. *See* ECF 8 at 5. Nor do they contest Defendant's position that the Northern District of Ohio—where Huang is domiciled—would be a proper venue for the case. *See generally* ECF 8; ECF 12. As such, Plaintiffs rely entirely on the second prong of 28 U.S.C. § 1391(b), contending that venue is appropriate in this Court because a substantial portion of the events giving rise to the suit occurred in the District.

The Court disagrees. Although Plaintiffs allege that Huang defamed Plaintiffs on multiple occasions, they identify only one statement that was made within the District of Columbia. *See* ECF 8 at 2–3 (alleging that Huang made false statements about Liu's marriage at a meeting in the District). Although the "substantial portion" inquiry does not demand that a majority of the events giving rise to the suit occur in the District, it still requires a significant portion. *See Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 28–29 (D.D.C. 2013) (collecting cases that discuss the "substantial portion" inquiry). Here, a singular incident that did not even appear in Plaintiffs' original Complaint does not constitute a substantial portion of events giving rise to the suit.

As a fallback, Plaintiffs argue that the Court can infer that many of Huang's other statements were made in the District of Columbia. ECF 12 at 2–3. They contend that one of Huang's Tweets suggests that she was living "in the Beltway" around the time that the defamatory

Tweets were posted, and that one Tweet proved Huang was in the District in July 2020. *Id.* at 2. However, that evidence fails to support a reasonable inference that Huang tweeted the defamatory statements while in the District. The information that Plaintiffs present in support of their opposition suggests that Huang lived in Maryland at the time and occasionally visited the District as part of her job. *See, e.g.*, ECF 1 ¶ 4; ECF 8 at 2, 10. Based on the evidence provided by Plaintiff, the Court finds no grounds to infer that the Tweets were sent while Huang was in the District, rather than at the residence she owns in Maryland. Thus, the Court cannot conclude that a substantial portion of the events that gave rise to the suit occurred in the District of Columbia, and the Court finds that venue is not proper in this jurisdiction.

### B.  Transfer

Next, the Court must decide whether to dismiss the case for improper venue or to transfer it. Under 28 U.S.C. § 1406(a), the Court has the discretion to either dismiss or transfer a case, though transfer is the "standard remedy" because it preserves a plaintiff's ability to obtain review. *King*, 210 F. Supp. 3d at 137. Here, the Court concludes that transfer is the appropriate course of action. Plaintiffs' Complaint has been pending for a substantial period of time, and the Court finds that transfer would cause no prejudice to Huang. All things considered, "[i]t would be more efficient and economical to transfer the case" than to force the Plaintiffs "to re-file and re-serve [their] Complaint in another District." *Id.* (quoting *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 69 (D.D.C. 2015)).

That does not resolve the Motion, however, because the Parties dispute the appropriate transferee court. Plaintiffs argue that the case should be transferred to the District of Maryland, while Huang argues in favor of the Northern District of Ohio. As noted earlier, venue is proper in any district in which (1) Huang resides, or (2) a substantial portion of the events giving rise to the suit occurred. *See* 28 U.S.C. § 1391(b). The Parties agree that Huang is domiciled in the Northern

District of Ohio. *See* ECF 12 at 2; ECF 13 at 1. That means the Northern District of Ohio is a proper venue under 28 U.S.C. § 1391(1). As for the District of Maryland, Plaintiffs argue that a substantial portion of the events giving rise to the suit would have occurred in Maryland, if they did not occur in this District. They contend that Huang lives at least part-time in her house in Fort Washington, Maryland. For support, Plaintiffs point to the fact that Huang has signed for service at the Maryland address, ECF 8 at 2, that she posted Tweets indicating that she resided in Maryland during the time the allegedly defamatory Tweets were posted, ECF 12-2 at 3, and that she has posted other Tweets suggesting her frequent presence in the Maryland area, ECF 8 at 10.

Huang, for her part, does not dispute that she owns the Maryland house or that she travels there, although she does represent that she generally posts to Twitter while at her home in Ohio or, possibly, while traveling (to locations other than the District). ECF 5-1 ¶ 3.

Keeping in mind that the Court is obligated—at least in the absence of other evidence—to accept Plaintiffs' allegations as true, and "draw[] all reasonable inferences" and "resolve[] any factual conflicts" in Plaintiffs' favor, *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014), the Court concludes that Plaintiffs have established that the District of Maryland is an appropriate venue for this case. Plaintiffs have established that Huang owns property in Maryland, ECF 12 at 6, and that she spends a significant amount of time in the area: Huang's Twitter feed documents her frustration with local traffic, ECF 8 at 10, as well as her attendance at many local events, *e.g.*, *id.* at 2. Additionally, Plaintiffs have presented evidence suggesting that Huang was spending a significant amount of time in Maryland when the Tweets were posted. *See* ECF 12-2 at 3. Even Huang admits that it is possible that the Tweets were posted while she was not in Ohio. ECF 5-1 ¶ 3. Given all these facts, it is reasonable to infer that Huang posted the allegedly defamatory

Tweets while in Maryland and, therefore, that a substantial portion of the events that led to this suit occurred in that state. *See* 28 U.S.C. § 1391(b)(2).

Faced with two jurisdictions in which venue would be proper—and in the absence of any public or overwhelming private interest that the case be adjudicated in Ohio—the Court defers to Plaintiffs' choice of forum. *See Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). Therefore, the Court transfers this case to the District Court for the District of Maryland.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, ECF 5, is **DENIED**;

Defendant's Motion to Transfer the Case, ECF 5, is **GRANTED IN PART**; and

This case shall be **TRANSFERRED** to the U.S. District Court for the District of Maryland.

**SO ORDERED.**

DATE: June 30, 2023

_____
Jia M. Cobb
U.S. District Court Judge